IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HOBBY LOBBY STORES, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-23-340-D |
| US CONSULTING GROUP, LLC, | ) ) ) |
| Defendant. | ) |

**ORDER GRANTING DEFAULT JUDGMENT**

Before the Court is Plaintiff Hobby Lobby Stores, Inc.'s Motion for Default Judgment[1] [Doc. No. 5] under FED. R. CIV. P. 55. Defendant has not responded to the Motion. For the reasons stated below, the Court finds that Plaintiff's Motion should be granted.

**BACKGROUND**

**I.   The Complaint**

In the present action, Plaintiff alleges that it entered into a Waste and Recycling Management Agreement (the "Agreement") with Defendant. Under the Agreement, Plaintiff agreed to pay Defendant, and Defendant agreed to provide waste and recycling services at Plaintiff's various store locations.

---

[1] Plaintiff's certificate of service states that Plaintiff's counsel sent a copy of its Motion to defense counsel via first-class mail on March 26, 2024. *See* Pl.'s Mot. Def. J. at 4. The Court's docket also reflects that, on the same day he filed the Notice of Removal, defense counsel was emailed at rwhboy@gmail.com regarding payment of the civil filing fee. That is the same email address defense counsel included in the signature block of the Notice of Removal. *See* Notice of Removal [Doc. No. 1] at 4. It is also the same email address defense counsel included in the signature block of his Entry of Appearance filed in state court. *See* Notice of Removal, Ex. 4 [Doc. No. 1-4].

The Agreement was to remain in effect until June 30, 2014, at which point it became subject to one-year "Renewal Terms," unless terminated by either party via written notice at least 30 days prior to June 30th of the respective year. The Agreement further provided that either party may terminate it for cause at any time by written notice to the other party in the event of a material breach by the other party.

As for payment, the Agreement required Defendant to submit invoices to Plaintiff, in which Defendant itemized the amount due to Defendant's waste and recycling services subcontractors and the amount due to Defendant for the waste and recycling services provided under the Agreement. Additionally, Plaintiff was required to pay Defendant's invoices within 30 days from the invoice date, and Defendant was required to pay its waste and recycling services subcontractors within 15 days of payment of Defendant's invoices by Plaintiff.

Despite Plaintiff's timely payment of Defendant's invoices, Plaintiff alleges that Defendant repeatedly failed to pay its waste and recycling subcontractors in breach of the Agreement. Accordingly, Plaintiff alleges that it has been compelled to pay Defendant's subcontractors directly in order to mitigate its damages and avoid interruption and undue delay of waste and recycling services at its various store locations.

Plaintiff also alleges that, pursuant to the Agreement, the parties' written correspondence and agreements, and the course of conduct of the parties, Defendant was required to itemize all rebates on its invoices to Plaintiff and to pay Plaintiff according to the rebate amounts listed on Defendant's invoices. However, Plaintiff alleges that Defendant repeatedly failed to timely pay and/or refund Plaintiff the rebate amounts listed

2

on Defendant's invoices.

Plaintiff further alleges that, due to Defendant's ongoing breach and in compliance with the Agreement, Defendant was provided with written notice of termination on May 24, 2022—37 days prior to the June 30, 2022 renewal date. As a result, Plaintiff alleges that the Agreement was terminated on June 30, 2022. As of January 18, 2023, Plaintiff alleges that Defendant was indebted to it in the amount of $240,339.15. However, Plaintiff alleges that it continues to learn of additional outstanding invoices from Defendant's subcontractors that Defendant has failed to pay, which could lead to additional damages.

## II.     Procedural History

Plaintiff filed suit in Oklahoma state court on March 1, 2023, asserting two breach of contract claims and a claim for unjust enrichment. Plaintiff timely effected service of process on Defendant. Although Defendant initially claimed its "proper registered service agent" had not been properly served, it agreed to "waive service of process on or about March 31, 2023" and not contest proper service as of that date. *See* Notice of Removal [Doc. No. 1] at 3.

Defense counsel entered his appearance in the state court action on April 7, 2023 and timely removed the case to federal court on April 24, 2023. *See id.* Before removing the case to federal court, Defendant did not answer or otherwise respond to the Complaint. To date, Defendant has failed to answer or otherwise respond to the Complaint. Through the instant Motion, Plaintiff seeks a default judgment awarding it $284,920.62 as a result of Defendant's alleged breach of the Agreement, as well as interest as allowed by statute, court costs and expenses in the amount of $252.14, and reasonable attorney fees in the

amount of $4,860.00.

## STANDARD OF DECISION

The entry of default judgment is committed to the sound discretion of the trial court. *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). Although cases should be decided on their merits whenever possible, a default judgment is a reasonable remedy when the adversary process has been halted because of an unresponsive party. *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991).

## DISCUSSION

Rule 55 of the Federal Rules of Civil Procedure provides two distinct sequential steps when a defendant fails to answer or otherwise defend against an action: the entry of default and the entry of default judgment. *See* FED. R. CIV. P. 55(a), (b); *Guttman v. Silverberg*, 167 F. App'x 1, 2 n.1 (10th Cir. 2005) ("The entry of default and the entry of a judgment by default are two separate procedures."). Initially, a party must ask the Clerk of Court to enter default. FED. R. CIV. P. 55(a). Only after the Clerk has complied may a party seek default judgment. *Garrett v. Seymour*, 217 F. App'x 835, 838 (10th Cir. 2007) (finding that entry of default is a prerequisite for the entry of a default judgment under Rule 55(b)(1)).

The procedural requirements for a grant of default judgment by the Court is that the application be accompanied by an affidavit in compliance with LCvR 55.1, which states "[n]o application for a default judgment shall be entertained absent an affidavit in compliance with the Servicemembers Civil Relief Act, [50 U.S.C. § 3931]." Here, Defendant has failed to answer or otherwise respond to the Complaint, default was entered

by the Clerk, and Plaintiff has satisfied the Court's procedural requirements. *See* Pl.'s Mot., Ex. 1 [Doc. No. 5-1], ¶ 7.

Upon an entry of default, the Court takes all of the well-pleaded facts in a complaint as true. *See Tripodi*, 810 F.3d at 765 (noting that after default is entered, "a defendant admits to a complaint's well-pleaded facts and forfeits his or her ability to contest those facts"); *United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006) ("'The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.'") (citation omitted).

The Court, however, need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages sought. Therefore, before granting a default judgment, the Court must first ascertain whether the uncontested facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *See, e.g.*, *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274–75 (D. Kan. 2016) ("'Even after default, it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment since a party in default does not admit conclusions of law.' . . . Furthermore, a default judgment does not establish the amount of damages. . . . Plaintiff must establish that the amount requested is reasonable under the circumstances.") (internal citations omitted); *Gunawan v. Sake Sushi Restaurant*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) ("[A] default does not establish conclusory allegations, nor does it excuse any defects in the plaintiff's pleading. Thus, with respect to liability, a defendant's default does no more than concede the complaint's factual

5

allegations; it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action.").

"'If [a] defendant does not contest the amount prayed for in the complaint [by failing to answer] and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing.'" *Craighead*, 176 F. App'x at 925 (internal citation omitted); *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985) ("[A] court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation."). Accepting the well-pled allegations in the Complaint as true and for the reasons stated below, the Court finds that the allegations support entry of a default judgment. The amount prayed for in the Complaint is a sum certain for the breach of a service contract plus calculable interest, costs, and attorney fees. To demonstrate a breach of contract, Plaintiff must prove: "1) formation of a contract; 2) breach of the contract; and 3) damages as a direct result of the breach." *Digit. Design Grp., Inc. v. Info. Builders, Inc.*, 24 P.3d 834, 843 (Okla. 2001).

The Complaint alleges that Plaintiff and Defendant entered into the Agreement, under which Plaintiff agreed to pay Defendant for providing waste and recycling services at Plaintiff's various store locations. *See* Compl. [Doc. No. 1-2], ¶ 7. Defendant also agreed to provide Plaintiff with invoices itemizing the amounts due to subcontractors that Defendant used and the amounts due to Defendant. *Id.*, ¶ 9. After providing the invoice, Plaintiff was required to pay Defendant within 30 days, and Defendant was required to pay

its subcontractors within 15 days. *Id.* Despite the procedure provided for in the Agreement, and despite Plaintiff timely paying Defendant's invoices, Defendant repeatedly failed to pay its subcontractors, which forced Plaintiff to pay the subcontractors directly. *Id.*, ¶ 10. Further, pursuant to the parties' written correspondence, agreements, and course of conduct, Defendant repeatedly failed to timely pay and/or refund Plaintiff the rebate amount listed on Defendant's invoices. *Id.*, ¶ 11. At the time Plaintiff filed the instant Motion, Defendant was indebted to Plaintiff in the amount of $284,920.62, which is the total of Defendant's outstanding payments owed to Plaintiff for cardboard rebates, minus Defendant's outstanding invoices to Plaintiff. *See* Pl.'s Mot. Def. J., Ex 1., ¶ 10.

Accordingly, it is evident from the record before the Court that a contract was formed between the parties. Further, there was a breach by Defendant by (1) failing to timely pay its subcontractors (which, in turn, forced Plaintiff to pay the subcontractors directly) and (2) failing to pay Plaintiff the rebate amounts listed on Defendant's invoices. As a direct result of Defendant's breaches, Plaintiff suffered calculable damages. Because Defendant has failed to respond or defend this action in any way, the Court finds default judgment is appropriate under the circumstances.

Upon review of the submissions, the Court finds Plaintiff is entitled to contractual damages in the amount of $284,920.62, together with interest as allowed by statute. Plaintiff is further entitled to costs and reasonable attorney fees, as may be determined on separate motion by Plaintiff.[2]

---

[2] Although Plaintiff describes its attorney fee request of $4,860.00 as reasonable, there is nothing before the Court allowing it to conduct a reasonableness analysis. Should Plaintiff file a separate

## CONCLUSION

Plaintiff's Motion for Default Judgment [Doc. No. 6] is **GRANTED**, as set forth herein. A separate Default Judgment shall be issued accordingly.

**IT IS SO ORDERED** this 3rd day of May, 2024.

TIMOTHY D. DeGIUSTI
Chief United States District Judge

---

motion seeking attorney fees and costs. The Court expects Plaintiff to include evidence sufficient to allow the Court to conduct a proper reasonableness analysis pursuant to Oklahoma substantive law.